UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 3:07-CV-0264-O |
| CLARENCE L. BACCUS, JR., ROSA BACCUS, TALISHA WINSTON, LASHAUNNA BACCUS, MYRA BACCUS, INDIVIDUALLY AND AS NEXT FRIEND AND GUARDIAN OF K. BACCUS, K. BACCUS, AND K. BACCUS, AND THE UNKNOWN HEIRS OF KEVIN E. BACCUS, DECEASED, | § § § § § § § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case is before the Magistrate Judge pursuant to the pretrial management order of the district court filed on August 8, 2008. Having reviewed the pleadings filed in this case and the briefs and appendices submitted by the parties, the Magistrate Judge finds and recommends as follows:

*Background and Procedural History:*[1]  This action involves the proceeds from a life insurance policy issued by Plaintiff Primerica Life Insurance Company ("Primerica" or "Plaintiff") to Kevin E. Baccus ("Kevin"), now deceased. Effective August 28, 2001, Primerica issued life insurance policy number 0432483176 to Kevin E. Baccus ("the Policy"), which provided coverage in the amount of $200,000 ("the Policy Proceeds"). Kevin originally designated his

---

[1] The facts cited in this recommendation are taken from the Magistrate Judge's Report and Recommendation dated December 17, 2008 (docket no. 79).

wife, Myra Baccus, as the primary beneficiary and his mother, Rosa Baccus, as the contingent beneficiary. On or about June 27, 2006, Kevin submitted a form changing the primary beneficiary under the Policy to his brother, Clarence Baccus ("Clarence").  He did not designate a new contingent beneficiary.  Approximately one week later, on July 3, 2006, Kevin was found dead in Oklahoma.  According to his death certificate, Kevin died of gunshot wounds to the head and abdomen and was "shot by another."

On August 10, 2006, Clarence Baccus filed a claim under the Policy.  Shortly thereafter, a Primerica employee learned from an employee of the McIntosh, Oklahoma Sheriff's Office that Kevin's death was still under investigation and that Clarence could not be ruled out as a suspect.  On August 18, 2006, a Primerica employee again confirmed with the Sheriff's Office that Clarence could not be ruled out as a suspect.  In subsequent communications with Primerica employees, the Sheriff's Office indicated that Clarence remained a suspect.

On February 8, 2007, Primerica filed a complaint for interpleader against Clarence, Rosa Baccus, Myra Baccus, individually and as next friend and guardian of minor children K. Baccus, K. Baccus, and K. Baccus, Talisha Winston, Lashaunna Baccus and the Unknown Heirs of Kevin E. Baccus.  Primerica alleged that Clarence was a suspect in the death of Kevin and, therefore, may be disqualified from receiving the Policy Proceeds under Texas law (Texas Insurance Code § 1103.151), which provides that a designated beneficiary under a life insurance policy is disqualified from receiving the policy proceeds if the beneficiary "willfully" caused the death of the insured.  Primerica further alleged that in the event of his disqualification, one or more of the other defendants would be entitled to the Policy Proceeds and that Primerica had a reasonable doubt as to who, among the defendants, would be entitled to the proceeds were Clarence disqualified.  Primerica asked to pay the Policy Proceeds into the registry of the court,

that it be discharged from further liability to the defendants, and that the defendants be ordered to interplead and settle their rights and claims among themselves.

On May 24, 2007, Primerica deposited the Policy Proceeds into the registry of the court. Primerica filed a motion for summary judgment and on January 30, 2009, the district court entered an order accepting the findings and recommendation of the magistrate judge and granting Primerica's motion for summary judgment, dismissing Primerica from the case.

The interpleader statute, 28 U.S.C. § 1335, grants district courts with the jurisdiction to hear interpleader actions "filed by any person, firm, or corporation, association, or society having in its possession money or property of the value of $500 or more . . . and involving "[t]wo or more adverse claimants, of diverse citizenship . . .[who] are claiming or may claim to be entitled to such money or property . . . ." 28 U.S.C. § 1335 (2006). "The procedural device of interpleader . . . allows a stakeholder effectively to avoid a dispute with the claimants while the court determines the proper allocation of the disputed fund." *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006). An interpleader action generally has two stages. *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999), *cert. denied*, 531 U.S. 924, 121 S. Ct. 298 (2000). First, the court determines whether the requirements for an interpleader action have been met by deciding if there is a single fund at issue and whether there are adverse claimants to that fund. *Id*; *see also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. 2001). After concluding that the requirements of an interpleader action are satisfied, a court moves on to the second step of the analysis which requires the court to determine the "claimants' respective rights to the fund." *General Electric Capital Assurance v. Van Norman*, 209 F.Supp.2d 668, 670 (S.D. Tex.2002).(citing to 7 Wright, Miller & Kane, supra § 1714).

Having determined that the requirements for an interpleader action have been met, the court now must determine the respective rights of the claimants to the Policy Proceeds. In making a recommendation on Primerica's motion for summary judgment, the Magistrate Judge noted that while Myra and Rosa Baccus have purportedly denied any claim to the Policy Proceeds, Kevin Baccus' adult children, Talisha Winston and LaShaunna Baccus, notified the court that they do not disclaim their interest in the Policy Proceeds. *See* Magistrate Judge's Report and Recommendation dated December 17, 2008 (citing docket nos. 18, 22, 63). Because it was unclear whether Talisha Winston and LaShaunna Baccus claimed an interest to the Policy Proceeds, on February 20, 2009, the Magistrate Judge issued a show cause order requiring defendants Rosa Baccus, Talisha Winston, LaShaunna Baccus and Myra Baccus to file statements on or before March 20, 2009, showing cause why the court should not distribute the proceeds of the Policy to Clarence Baccus. (Docket no. 92). None of the defendants submitted statements by the deadline and the Magistrate Judge notified them in the show cause order that "[a] defendant's failure to file such a timely statement may be construed as a waiver of such defendant's interest in the proceeds or as such defendant's disclaimer of any interest in the proceeds."[2] Therefore, because none of the defendants claims an interest in the Policy Proceeds or has otherwise shown cause why Clarence Baccus, the named beneficiary to the insurance policy is not entitled to the Policy Proceeds , the same should be distributed to Clarence Baccus,

---

[2] The order to show cause mailed to the last known address for Talisha Winston was returned as undeliverable on March 2, 2009. However, Ms. Winston was personally served with the original complaint in the lawsuit (docket no. 11) and she and LaShaunna Baccus filed an answer through counsel on March 27, 2007 (docket no. 16). In addition, upon their attorney's withdrawal from the case, District Judge Jorge Solis ordered Ms. Winston and LaShaunna Baccus to notify the court within 30 days as to whether they would acquire new counsel or intended to proceed pro se. (docket no. 31). Neither Winston or Baccus responded.

less the attorneys' fees awarded to Plaintiff.

**RECOMMENDATION:**

It is recommended that the District Court enter its judgment granting Plaintiff's motion for summary judgment,[3] ordering the clerk to distribute the sum of $24,695 from the Policy Proceeds currently held in the registry of the court to Primerica Life Insurance Company as attorneys' fees and the remainder of such proceeds to the named beneficiary Clarence Baccus, and dismissing this interpleader action with prejudice.

Signed this 27th day of March, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3] See the District Court's order entered on January 30, 2009 (docket no. 88) adopting the Report and Recommendation of the Magistrate Judge entered on December 17, 2008 (docket no. 79).